UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Peter J. D'Auria, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BAV Auto, LLC, | : | Case No. 22-17933(JKS) |
| | : | |
| Debtor. | : | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| Alexandre Dacosta and Viviane Antunes, | : | Case No. 22-18303(JKS) |
| | : | |
| Debtors. | : | |
| | : | |

Hearing Date: Feb. 7, 2023 at 10:00 a.m.
Judge: Honorable John K. Sherwood

**OBJECTION OF THE UNITED STATES TRUSTEE TO
SMALL BUSINESS DEBTORS' PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and

through his undersigned attorney, hereby files this objection ("Objection") to the Small Business

Debtors' Plan of Reorganization (the "Plan"). In support of the Objection, the U.S. Trustee

respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear and determine this Objection.

2.  Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.  Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Plan and the issues raised in this Objection.

## BACKGROUND

**A.  The Bankruptcy Cases:**

4.  On October 6, 2022, (the "Corporate Petition Date"), BAV Auto LLC (the "Corporate Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case number 22-17933(JKS) (the "Corporate Case").  *See* ECF No. 1 of the Corporate Case.  To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

5.  On October 19, 2022, (the "Individuals Petition Date"), Alexandre J. Dacosta and Vivianne C. Antunes (the "Individual Debtors") (the Corporate Debtor and the Individual Debtors collectively referred to herein as the "Related Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303(JKS) (the "Individuals Case").  *See* ECF No. 1 of the Individuals Case.  On December 20, 2022, the Court entered an Order which converted the Individuals Case to a chapter 11 proceeding, and further recognized the Individual Debtors choosing to proceed under subchapter V of the Bankruptcy Code.  *See* ECF No. 40 of the Individuals Case.

**B.  The Plan:**

6.  On January 4, 2023, the Related Debtors filed the Plan.  The Plan is presented as a "joint" plan, in that it serves as the proposed plan for both the Corporate Debtor and the Individual Debtors.  The Plan was filed on the Corporate Case docket at docket entry number 40. *See* ECF No. 40 of the Corporate Case.  The Plan was filed on the Individuals Case docket at docket entry number 53.  *See* ECF No. 53 of the Individuals Case.

7.  Pursuant to scheduling orders entered in each of the case dockets, a confirmation hearing is scheduled for February 7, 2023 at 10:00 a.m.  *See* ECF No. 42 of the Corporate Case, ECF No. 53 of the Individuals Case.

## OBJECTION

**A.  The Plan Fails to Provide Sufficient Contents:**

8.  Pursuant to 11 U.S.C. § 1181, the specific Bankruptcy Code subsections of 1123(a)(8) and 1123(c) do not apply in subchapter V of chapter 11; with that, all other provisions of Section 1123 of the Bankruptcy Code do apply in Subchapter V.  Additionally, Section 1190 of the Bankruptcy Code outlines other requirements that must be included in a plan under Subchapter V of the Bankruptcy Code.  When compared against these requirements, the Plan fails to provide sufficient contents, and with that confirmation must be denied.

9.  The Plan provides that the inventory of the Corporate Debtor, which consists of used vehicles, will be sold on or before the Effective Date of the Plan.  However, the Plan does not outline adequate means for the implementation of this portion of the Plan.

10.  Upon information and belief, the Corporate Debtor has ceased all operations.  Moreover, the New Jersey Motor Vehicle Commission has revoked the Corporate Debtor's dealer's license.  *See*, **Exhibit A** attached hereto.

11.   The Corporate Debtor has no operations, and no revenue.  Pursuant to the Corporate

Debtor's Schedule A/B, the Corporate Debtor's cash position on the Corporate Petition Date was

$-12,667.00.  *See* ECF No. 15 of the Corporate Case.  The Plan does not tell how the Corporate

Debtor is going to proceed to successfully sell its inventory, as proposed by the Plan.  The Plan

does not tell where the Corporate Debtor's inventory is presently located, what is the status of its

previous business locations, how the Debtor's inventory is being maintained, safeguarded, and

prepared for sale, or what funds the Corporate Debtor has available to maintain and prepare such

vehicles for sale.  The contents of the Plan fails to provide what are the adequate means for the

implementation of this aspect of the Plan, and fails to satisfy the requirements outlined in 11

U.S.C. § 1123(a)(5).

**B.  The Plan Does Not Appear to be Feasible Pursuant to 11 U.S.C. § 1129.**

12.   Confirmation of a Subchapter V plan is governed by a combination of certain

subsections of section 1129 and new section 1191.  Section 1191(a) provides that the following

subsections of section 1129 *do not* apply in a subchapter V case:  1129(a)(15) (means test in

individual chapter 11 cases); 1129(b) (cram down provisions); 1129(c) (court may confirm only

one plan); and 1129(e) (requirement that plan in small business case be confirmed within 45

days).  As such, section 1129(a)(11) applies in subchapter V cases.

13.   Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to

be confirmed:

(a) the Court shall confirm a plan only if all of the following requirements are
met:

* * *

(11) Confirmation of the plan is not likely to be followed by the liquidation, or the
need for further financial reorganization, of the debtor or any successor to the

debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

*See* 11 U.S.C. § 1129(a)(11).

14. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possible attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd* without opinion, 908 F.2d 964 (3d Cir. 1990 (citation omitted).

15. The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Trans Max Technologies,* Inc., 349 B.R. 80, 92 (Bankr. D.Nev. 2006). *See also In re Deep River Warehouse, Inc.*, 2005 WL 2319201 *2 (Bankr. M.D.N.C. Sept. 22, 2005). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).

16. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Sovereign Oil Co.*, 128 B.R. 585, 586 (Bankr. M.D.Fla. 1991).

17. In determining whether a chapter 11 plan is feasible, only a reasonable assurance of commercial viability is required. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Prudential Electric Co.*, 58 B.R. 857, 863 (Bankr. S.D.N.Y. 1986).

18. Section 1129(a)(11) requires the Debtor to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *See Trans Max Technologies, Inc.*, 349 B.R. at 92. *See also In re Travelstead,* 227 B.R. 638, 651 (D.Md.

1998); *S & P, Inc. v. Pfeifer*, 189 B.R.173, 187 (N.D.Ind. 1995), *quoting In re SM 104 Ltd.*, 160

B.R. 202, 234 (Bankr. S.D.Fla. 1993), *aff'd*, 78 F.3d 587 (7th Cir. 1996).

19.  In considering whether a particular plan is feasible, courts have considered the

following factors:  (i) the adequacy of the debtor's capital structure; (ii) the earning power of its

business; (iii) economic conditions; (iv) the ability of the debtor's management; (v) the

probability of the continuation of the same management; and (vi) any related matters which

determine the prospects of a sufficiently successful operation to enable performance of the

provision of the plan.  *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226-227 (*citing In re*

*Temple Zion*, 125 B.R. 910, 915 (Bankr. E.D.Pa. 1991); *In re Landmark at Plaza Park, Ltd.*, 7

B.R. 653, 659 (Bankr. D.N.J. 1980).

20.  The facts and circumstances of this case demonstrate that the Plan may not be

feasible and, as a result, may fail to qualify for confirmation pursuant to 11 U.S.C. § 1129(a)(11).

21.  The proposed funding for the Plan includes, among other things, proceeds from the

sale of the Corporate Debtor's inventory, as well as future earnings by the Individual Debtors.

As outlined above, the Plan does not provide adequate means for how the Corporate Debtor is

going to proceed to liquidate its inventory, or what funds are available to facilitate such sale

process.  With regard to the Individual Debtors, while projected income described in the Plan, it

is not clear whether such projected income for both of the Individual Debtors has materialized.

22.  The Plan should not be confirmed as the Related Debtors have failed to establish that

they have the ability to perform the Plan and to fund the payments under the Plan as well as

payment of going forward expenses.

C. **Failure to File Monthly Operating Reports.**

23.   Pursuant to 11 U.S.C. §§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

24.   As of the date of this Objection, the Corporate Debtor has failed to file any monthly operating report his monthly operating reports since the inception of that case.  The Individuals Case only converted into chapter 11 on December 20, 2022, however, no monthly operating reports have been filed in that case either, and such financial information is critical and necessary in order to review the ability of the Individual Debtors to confirm and perform the Plan. Confirmation should not be granted until all monthly operating reports have been filed.

## CONCLUSION

25.   As detailed above, the Plan as presented is not confirmable.

26.   The U.S. Trustee leaves the Related Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval

and confirmation of the Plan, and/or granting such other relief as this Court deems appropriate,

fair and just.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By:    _/s/ Peter J. D'Auria_
      Peter J. D'Auria
      Trial Attorney

Dated:  January 27, 2023