THE LAW OFFICES OF STEVEN D. PERTUZ, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700
Attorneys for Debtor-in-Possession
BAV AUTO, L.L.C. a/k/a Costa's
Auto Gallery

By:   STEVEN D. PERTUZ, Esquire
      SDP-5632

_____

In the Matter of:

BAV AUTO, L.L.C.
a/k/a COSTA'S AUTO GALLERY,


     Debtor-in-Possession.
_____:

:   UNITED STATES BANKRUPTCY COURT
:   FOR THE DISTRICT OF NEW JERSEY
:   NEWARK VICINAGE

:   Case No. 22-17933 (JKS)

:   Chapter 11, Subchapter V

:

**APPLICATION TO APPROVE THE SALE OF THE DEBTOR'S INTEREST IN ITS VEHICLE INVENTORY TO GIORDANO AUTO SALES, INC., FREE AND CLEAR OF EXISTING LIENS, CLAIMS AND ENCUMBRANCES WHICH LIENS SHALL ATTACH TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. §363(b) AND (f), FED. R. BANKR. P. 4001(d) AND 6004; (II) PAYMENT OF PROFESSIONAL FEES AND CUSTOMARY COSTS FROM THE SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY; AND (IV) GRANTING OTHER AND RELATED RELIEF**

TO:   THE HONORABLE JOHN K. SHERWOOD
      UNITED STATES BANKRUPTCY JUDGE

The Motion of BAV Auto, L.L.C. aka Costa's Auto Gallery, the within Debtor and Debtor in Possession (the "Debtor" or "BAV"), by and through its counsel, The Law Offices of Steven D. Pertuz, LLC, submits this Application in support pursuant to section 363(b) and (f) of the Bankruptcy Code, seeking an order authorizing the sale of the Debtor's current vehicle inventory located at 1829 State Highway Route 1, Rahway, NJ, free and clear of liens, claims and

encumbrances which liens shall attach to the proceeds of sale (the "Motion"). In support of the Motion, Debtor respectively represents to this Court as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought herein is permitted under Bankruptcy Code sections 363(b) and (f), as complemented by Rule 6004 of the Federal Rules Of Bankruptcy Procedure.

3. The Debtor has had no continuous business operations since the petition date but it is still managing its affairs as a debtor in possession to orderly liquidate its assets.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

## BACKGROUND

## BACKGROUND OF THE DEBTOR

**Filing of the Debtor's Chapter 11 Case.**

5. On October 6, 2022, the Debtor filed a voluntary petition for relief under the Bankruptcy Code bearing case number 22-17933. The Chapter 11, Subchapter V case is pending in the Bankruptcy Court in Newark, New Jersey.

**Nature of the Debtor's Business.**

6. BAV is a single member limited liability company created under the laws of the State of New Jersey on August 23, 2011. The sole purpose of creating the LLC was to operate a used car dealership under the trade name, Costa's Auto Gallery with a primary business location of 1829 State Highway Route 1, Rahway, NJ. A secondary location for vehicle inventory was also

previously located at 361 South Broad Street, Elizabeth, NJ.

7.  When the business was fully operating, it employed 4 full-time employees and had the capacity to store approximately fifty cars on its two lots. Vivanne C. Antunes is the sole member of BAV and its operations manager is Alexandre J. Dacosta. BAV's primary market was the sale of used, non-luxury vehicles to its broad range of customers throughout the NJ and NY metropolitan area.

8.  The individuals Alexandre Dacosta and Vivianne Antunes are husband and wife. Although Vivianne Antunes is the sole member of the LLC, she was never employed by BAV or drew any salary or other income from BAV. Until approximately 2020, Alexandre Dacosta drew a regular gross salary of approximately $100,000.00 annually, but the amount of his income dropped substantially with the onset of the COVID-19 Pandemic. Vivianne Antunes worked as a bookkeeper earning a salary of approximately $45,000.00 annually until her employer terminated its business in May, 2022. Between May, 2022 and January 2023 she has been unable to work as she was expecting and has just recently given birth to her first child.

**Legal Structure and Ownership.**

9.  BAV is a single member limited liability company created under the laws of the State of New Jersey on August 23, 2011. The sole purpose of creating the LLC was to operate a used car dealership under the trade name, Costa's Auto Gallery with a primary business location of 1829 State Highway Route 1, Rahway, NJ. A secondary location for vehicle inventory was located at 361 South Broad Street, Elizabeth, NJ. Vivanne C. Antunes is the sole member of BAV and its operations manager is Alexandre J. Dacosta.

**Debtor's Offer To Purchase All Vehicle Inventory.**

10. BAV has been informally marketing the sale of its vehicle inventory to other known dealers and other potentially interested parties in the industry since early October, 2022 when it could not secure debtor in possession financing to continue with its business operations. The Debtor determined using its best business judgment that a sale of its inventory for the highest and best offer would allow for its secured creditors to receive the maximum return on its collateral lien for the least expense attributed to the bankruptcy estate and the affected secured creditors. To the extent that any vehicle sold can fully cover the secured creditor's lien, the Debtor intends to use the proceeds from the sale of such vehicles to be distributed to the secured creditor toward satisfaction of the lien. To the extent that the proceeds from such sale are insufficient to satisfy the lien, the deficiency balance would be treated as a general unsecured claim in any confirmed plan.

11. The Debtor had hoped to sell these vehicles in October, 2022 as the value of the inventory can change with every day that the vehicles can depreciate. Over the last 3.5 months, counsel for the Debtor and the Debtor have spoken to numerous parties but only received two serious offers from outside dealer sources. Concourse Motors, Inc. of Tenafly, NJ offered $80,000.00 for the full inventory and Giordano Auto Sales, Inc. of Hasbrouck Heights, NJ offered its best and highest offer of $125,000.00 for the full inventory of the Debtor, in cash.

12. On December 28, 2022, the Debtor received a formal offer letter for the private sale of the vehicle inventory more specifically described herein below for $125,000.00. The Buyer is not an "insider" and has no affiliation to the Debtor other than what has been disclosed in this motion. This is an "arms-length" transaction. A copy of the offer letter which shall be

memorialized in a standard purchase agreement is annexed hereto as **Exhibit A**. The essential terms of the agreement are as follows:

- $125,000.00 Purchase Price;

- $10,000.00 initial deposit to be tendered within ten (10) days or at or by the hearing date on said motion (deposit funds to be held in the Attorney Trust Account of Steven D. Pertuz, LLC);

- No Lender financing this is a cash purchase. Purchaser to provide proof of funds at or by the hearing date on said motion which shall be attached hereto as **Exhibit B**;

- **Contingencies on Sale**- 1) price is subject to final vehicle inspection at time of purchase and subject to depreciation and unknown issues or damage that may have occurred since the initial date of inspection; 2) Purchaser to receive title to vehicles as a good faith purchaser and pursuant to any Order approving this sale, free of any secured creditor liens or encumbrances from any secured creditors holding said titles in their possession.

- Buyer to pay balance of the purchase price of $115,000.00 in cash at closing and within on or about fifteen (15) days from any Order approving this sale;

- There are no agents or brokers in connection with this sale. Buyer and Debtor (Seller) shall each be responsible for their own respective professional fees and all counsel fees for Debtor shall be subject to a separate fee application and bankruptcy court approval if necessary.

- Debtor's bankruptcy counsel will be acting as attorney for the Debtor in connection with this sale and will prepare all necessary closing documents and Bill of Sale and

5

Case 22-17933-JKS    Doc 53-1    Filed 01/29/23    Entered 01/29/23 09:56:36    Desc
Application    Page 6 of 14

counsel fees will be hourly and subject to a separate fee application and bankruptcy court approval.

**Debtor's Assets To Be Sold Pursuant To This Motion**

13. The below vehicles are more fully described in the appraisal report attached hereto as **Exhibit C** (the "Atkins Report"). The Atkins Report provides for a total forced liquidation value of the below described vehicles of $111,150.00.

| Vehicle Description | VIN Number (if available) | Forced Liquidation Value | Buyer Price Allocation (Subject To Final Vehicle Inspection) |
|---|---|---|---|
| 1) 2010 Audi A4 2.0T Quattro 4 Door Sedan 78,949 Miles | ****15200 | $4,000.00 | $5,100.00 |
| 2) 2011 Audi Q5 2.0T Quattro Premium Plus 4 Door SUV 96,280 Miles | ****03169 | $200.00 | $1,400.00 |
| 3) 2004 Cadillac Deville 4 Door Sedan 198,293 Miles | ****49743 | $500.00 | $580.00 |
| 4) 2012 Chevy Malibu LT 4 Door Sedan 226,755 Miles | ****54169 | $600.00 | $375.00 |
| 5) 2011 Chevy Cruze LS 4 Door Sedan 118,796 Miles | ****41979 | $2,000.00 | $1,850.00 |
| 6) 2009 Dodge Charger SE 4 Door Sedan 136,051 Miles | ****96557 | $750.00 | $1,350.00 |
| 7) 2012 Dodge Durango Crew 4 Door 120,857 Miles | ****31133 | $4,000.00 | $5,200.00 |
| 8) 2008 Honda Civic LX 4 Door Sedan | ****26311 | $250.00 | $1,250.00 |

6

| | | | |
|---|---|---|---|
| 170,113 Miles | | | |
| 9) 2012 Jeep Grand Cherokee Laredo 4 Door SUV 91,194 Miles | ****54757 | $8000.00 | $7,200.00 |
| 10) 2011 Jeep Wrangler Sport Oscar Mike 2 Door 128,654 Miles | ****14982 | $7,500.00 | $7,850.00 |
| 11) 2013 Kia Forte EX 4 Door Sedan 79,955 Miles | ****74452 | $500.00 | $1,350.00 |
| 12) 2013 Mazda CX-5 Touring 4 Door 95,812 Miles | ****57991 | $7,500.00 | $8,750.00 |
| 13) 2012 Nissan Altima 2.5S 4 Door Sedan 157,775 Miles | ****47234 | $2,000.00 | $1,750.00 |
| 14) 2015 Nissan Altima 2.5S Special Edition 4 Door Sedan 94,305 Miles | ****00347 | $7,000.00 | $5,800.00 |
| 15) 2014 Nissan Pathfinder SL 4 Door SUV 116,651 Miles | ****18165 | $8,000.00 | $3,200.00 |
| 16) 2003 Porsche 911 Carrera 2 Door Cabriolet 75,908 Miles | ****50712 | $10,000.00 | $17,800.00 |
| 17) 2012 Subaru Impreza 2.0i Limited 4 Door Wagon 117,705 Miles | ****22834 | $4,000.00 | $4,550.00 |
| 18) 2017 Toyota Corolla LE 4 Door Sedan 97,126 Miles | ****08995 | $8,000.00 | $9,150.00 |
| 19) 2015 Volkswagon Jetta TSI 4 Door Sedan 92,759 Miles | *****27592 | $5,000.00 | $6,875.00 |

| | | | |
|---|---|---|---|
| 20) 2014 Hyundai Sonata GLS 4 Door Sedan 131,536 Miles | *****23626 | $800.00 | $1,275.00 |
| 21) 2013 Dodge Dart Rallye 4 Door Sedan 95,862 Miles | ****34877 | $700.00 | $1,350.00 |
| 22) 2009 Volkswagon Routan SE 4 Door Minivan 171,322 Miles | ****54471 | $800.00 | $1,500.00 |
| 23) 2004 Volvo XC90 2.5T 4 Door SUV 185,982 Miles | ****90244 | $750.00 | $450.00 |
| 24) 2006 Mazda Mazda3 S 4 Door Wagon 184,742 Miles | ****41210 | $100.00 | $750.00 |
| 25) 2007 Audi Q7 4.2 Quattro 4 Door SUV 60,036 Miles | *****11390 | $2,000.00 | $1,875.00 |
| 26) 2008 Mercedes Benz E350 4 Matic 4 Door Sedan 132,212 Miles | *****03751 | $1,000.00 | $850.00 |
| 27) 1999 Lexus GS 300 4 Door Sedan 206,607 Miles | ****54354 | $200.00 | $350.00 |
| 28) 2015 Toyota Camry XSE 4 Door Sedan 74780 Miles | ****60305 | $11,500.00 | $7,100.00 |
| 29) 2009 Chevy Traverse LT Sport 4 Door SUV 157,773 Miles | ****03943 | $1000.00 | $1,800.00 |
| 30) 2011 Infinity M37X 4 Door Sedan 114,613 Miles | ****70943 | $5,000.00 | $5,650.00 |
| 31) 2006 Mercedes Benz E350 4 Matic 4 Door Sedan | ****02762 | $500.00 | $900.00 |
| 32) 2016 Nissan Altima 2.5S 4 Door | ****26481 | $7,000.00 | $7,150.00 |

| | | | |
|---|---|---|---|
| Sedan 110,864 Miles | | | |
| | | **Total Value $111,150.00** | **Total Buyer To Pay $122,380.00** |

14. The below vehicles that have been confirmed and included in the Debtor's vehicle inventory but are not on the Atkins Report for unknown reasons are more fully described below. Debtor's counsel has reached out to Atkins Appraisal Corp. for more further details on these three specific vehicles.

| **Vehicle Description** | **VIN Number (If Available)** | **Forced Liquidation Value** | **Buyer Price Allocation (Subject To Final Inspection)** |
|---|---|---|---|
| 2011 BMW 328i | ****17164 | To Be Provided | $1,000.00 |
| 2012 BMW X3 xDrive 35i | ****89428 | To Be Provided | $1,000.00 |
| 2008 Maserati Quattroporte | To Be Provided | To Be Provided | $620.00 |
| | | | **Total Buyer To Pay $2,620.00** |

**Total Buyer Price: $125,000.00**

15. The Debtor believes this purchase price represents the best and strongest offer that is available to support its joint plan of reorganization and this sale Motion.

16. The secured creditors with existing or potential liens on the vehicle inventory have recorded blanket lien UCC-1 Financing Statements rather than specific UCC-1 Financing Statements specifying the particular vehicle as collateral. In addition, pursuant to State law and guidelines, typically the sole method for perfecting a security interest in a motor vehicle is by delivery to the Commissioner of Motor Vehicles the existing certificate of title or the acceptance

9

of the NJ Universal Title Application containing the name and address of the lienholder and the required fee *(see www.njmvc.gov/liens)*.

17. Therefore, it is unclear the extent and validity of the secured creditors' liens and their perfection status on the vehicles to be sold without further information from the various floorplan lenders, Westlake Flooring, Automotive Finance Corp., Lever Auto Financing, Kinetic Advantage Inc., Dealer Capital Group, Inc. and Auction Credit Enterprises. By way of this motion, proof of their perfected interest in the vehicles to be sold is being requested to determine the extent and validity of their liens on said vehicle inventory and to determine if the secured creditors in interest consent to the sale, object, reject or possibly approve the sale with conditions.

## RELIEF REQUESTED

18. By this Motion, the Debtor seeks an entry of an order, pursuant to §363 of the Bankruptcy Code, authorizing and approving the sale of the Property to the respective buyer set forth above, free and clear of any existing liens, claims and encumbrances with liens attaching to the proceeds of sale.

19. The sale of the vehicle inventory is an integral component of the Debtor's joint reorganization strategy to pay its creditors the maximum amount of funds available to the corporate Debtor and the individual debtors. The Debtor has determined that the terms of the sale are reasonable and after marketing the vehicles for over 3.5 months, it is the best offer the market has produced and therefore the purchase price and terms are better than fair. The sale is necessary for the Debtor to bring in a fixed lump sum of liquid funds into the Debtor's case which will allow the payment of initial disbursements pursuant to any confirmed joint plan of reorganization and to commence payment to its creditors on their allowed claims, including administrative expenses,

professional and United States Trustee's fees. If the Debtor is not able to sell the vehicles, the Debtor's chances on successful reorganization will be impossible. Based on the foregoing, the Debtor has determined that in the exercise of its business judgment, the sale of the vehicle inventory to the above mentioned Buyer is in the best interest of the Debtor, its estate, and ultimately its creditors and all other parties in interest.

20. The vehicle inventory has been sitting idle for months and precedes the petition filing date. Every passing day further deteriorates the value of the inventory and the Debtor has never been able to find a buyer for all the vehicles in cash until now. The contract price of $125,000.00 for the sale of the vehicle inventory is the best and highest offer that has been received by the Debtor and which exceeds the liquidation value of the vehicle inventory. The Debtor believes this purchase price to be a fair and accurate indication of an arm's length transaction as this is the highest offer presented to the Debtor that has surpassed $80,000.00. It is imperative that the sale of these vehicles takes place immediately to preserve the inventory value.

21. The current liens/claims to be satisfied and/or are to attach to the proceeds of sale are those of the secured creditor floorplan lenders that have perfected liens on the titles of the of vehicle inventory. However, it is anticipated the total liens will exceed the purchase price although the Debtor asserts that there is a bona-fide dispute as to the extent and validity of the secured creditors' liens and their interests. It is unknown if the specific title to the vehicles includes the lienholder asserting and perfecting their lien. In addition, blanket lien language in the filed UCC-1 Financing Statements is vague, ambiguous and does not specify the vehicles to be sold.

22. The Debtor requests that Steven D. Pertuz, Esq. shall act as the Debtor's closing attorney on the sale and has requested his fees be paid pursuant to the hourly rate set forth in the

original signed retainer agreement and fee application which shall be submitted to the Court for final Court approval . The services to be rendered in connection with this sale are within the scope of bankruptcy services rendered in this case and within acceptable attorney fees for this type of sale transaction.

## BASIS AND AUTHORITY FOR RELIEF

23. Section 363(b) of the Bankruptcy Code provides that a debtor in possession "may use, sell or lease, other than in the ordinary course of business, property of the estate." *See 11 U.S.C. §363(b)*. Section 363(f) of the Bankruptcy Code provides that a debtor in possession may sell property under section 363(b) free and clear of any interest in such property of an entity other than the estate upon certain conditions. *See 11 U.S.C. §363(f)*. The sale price of $125,000.00 is not greater than the aggregate value of all liens on such property, however, the Bankruptcy Code provides that such a sale is allowed if there is consent or if there is a bona fide dispute as to the exact amount owed. *See 11 U.S.C. §363(f)(3) and (4)*.

24. It is well settled that a debtor in possession may sell assets out of the ordinary course of business pursuant to §363(b) of the Bankruptcy Code if there is a sound business judgment justification for doing so. *See in re Lionel Corp.,* 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re Naron & Wagner, Chartered*, 89 B.R. 85, 89 (Bankr. Md. 1988) (adopting standard set forth in *Lionel Corp.*); *See also McDow v. Official Committe of Equity Security Holders of Criimi Mae, Inc.*, 247 B.R. 146, 149 (D. Md. 1999) ("court may authorize the use of estate property other than in the ordinary course of business when some business justification for doing so exists").

25. As previously mentioned, the sale of the Property is an integral component of the Debtor's joint reorganization strategy to pay its creditors the maximum amount of funds available

to the corporate Debtor and the individual debtors. Quickly disposing of the vehicle inventory is necessary to avoid further depreciation of the assets and it will allow for a lump cash infusion into the Debtor's case which will allow the payment of initial disbursements pursuant to any confirmed joint plan of reorganization and to commence payment to its creditors on their allowed claims, including administrative expenses, professional and United States Trustee's fees.

26.  The Debtor believes allowing this sale to take place will essentially quickly dispose of all business assets that are depreciating in one transaction, it will save secured creditors the cost of seeking bankruptcy court permission to lift the automatic stay to retrieve its vehicles, it will eliminate the time and cost of repossessing the vehicles, eliminate the vehicle preparation, vehicle storage and auction fees and commissions customarily incurred by the floorplan lenders when selling at auction facilities and therefore this sale will significantly increase the recovery of the secured creditors holding perfected liens. Accordingly, in the exercise of its sound business judgment, the Debtor believes that the sale of the vehicle inventory at this time is in the best interests of the Debtor, its estate and its creditors.

27.  The Debtor seeks to sell its interest in the vehicle inventory free and clear of any and all existing liens, judgments and encumbrances which liens shall attach to the proceeds of the sale and respectfully request that the Court determine that the Buyer is a good faith purchaser as defined in *In re Abbotts Diaries, Inc. of PA*, 788 F2nd 143 (3rd Cir. 1986) and the sale is otherwise in compliance with 11 U.S.C. §363.

### Requests For Immediate Relief & Waiver of Stay

28.  The Debtor further seeks any stay of effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of

property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As the Debtor must proceed to sale as soon as possible as the Buyer is concerned further depreciation will diminish the asset value and any subsequent retail sale price, it is imperative that an order approving this motion be effective immediately. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

**WHEREFORE,** the Debtor respectfully requests the entry of an Order of this Court, authorizing the Debtor to (a) sell the vehicle inventory pursuant to the respective agreements set forth herein, (b) be authorized to pay customary closing costs, including but not limited to, attorney's fees, and (c) granting the Debtor such other and further relief as is just and equitable.

By: /s/ Steven D. Pertuz
Steven D. Pertuz, Esq.
Steven D. Pertuz, LLC
111 Northfield Avenue
Suite 304
West Orange, NJ 07052

Dated: January 27, 2023

14