# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| BAV Auto LLC | : | |
| | : | BANKRUPTCY NO. 22-17933(JKS) |
| Debtor | : | |
| | : | |
| IN RE: | : | CHAPTER 11 |
| Alexandre Dacosta and Viviane Antunes | : | |
| Debtors | : | BANKRUPTCY NO. 22-18303(JKS) |
| | : | |
| | : | |
| | : | Hearing Date: Feb. 7, 2023 at 10:00 a.m. |
| | : | Judge: Honorable John K. Sherwood |

## OBJECTIONS OF WESTLAKE FLOORING SERVICES TO CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION

TO THE HONORABLE JOHN K. SHERWOOD
OF THE BANKRUPTCY COURT:

Westlake Flooring Company, LLC d/b/a Westlake Flooring Services ("Westlake"), by and through its counsel, LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO, objects to the confirmation of the Joint Plan of Reorganization proposed by the Debtors and in support therefore states the following:

1. Westlake provided floor-plan financing to BAV Auto LLC for its purchase of vehicles.

2. Westlake holds a claim against BAV Auto LLC in the amount of $149,885.13 on account of said financing, and as against Ms. Antunes as guarantor.

3. On or about January 4, 2023, debtors filed a Small Business Debtor's Joint Plan of Reorganization.

4. As the two cases are not being jointly administered, and indeed no request has been made to do so, the joint plan of reorganization proposed is improper in these cases.

5. 11 U.S.C. Section 1190 (1)(C) provides that a plan must include projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization.

6. 11 U.S.C Section 1190 (2) further provides for submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

7. 11 U.S.C Section 1191(c)(3) contains feasibility requirements and requires that a debtor be able to make all payments under a plan or there is a reasonable likelihood that debtor will be able to do so.

8. As of the meeting of creditors just one week ago, neither debtor was employed. Mr. Da Costa testified that he would begin working at Cars by AJ when it receives a dealer license.

9. Ms. Antunes testified she intended to begin training in February 2023 for employment with Atlas Refinery.

10. Given the above regarding debtors' employment status, the plan is purely speculative and not feasible.

11. The proposed plan provides for a large balloon payment, but provides no projections as to how the individuals intend to fund this payment.

12. The proposed plan fails to comply with 11. U.S.C. Section 1191 (3)(B)(ii) in that it does not provide appropriate remedies to protect holders of claims and interests in the event that payments are not made.

13. The plan is objectionable in that it is not fair and equitable as to Westlake's secured claim as required by 11 U.S.C. Section 1129 (b)(2)(A).. Because the plan does not provide that secured creditors can credit bid pursuant to 11 USC 362 (k), the plan fails to satisfy the fair and equitable requirement.

14. Debtor's Plan is not proposed in good faith.

WHEREFORE, Westlake Flooring Services prays that the Court sustain its objections, deny confirmation of Debtor's Joint Plan of Reorganization, and for such other relief as is just and equitable.

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

DATED: January 31, 2023

/s/ REGINA COHEN
Regina Cohen, Esquire
Attorney for Westlake Flooring Services