UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Peter J. D'Auria, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | : Case No. 22-17933(JKS) |
|  | : |
| BAV Auto, LLC., | : Chapter 11 |
|  | : |
|  | : The Honorable John K. Sherwood |
| Debtor. | : |
|  | : Hearing Date: February 14, 2023 at 10:00 am |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO APPROVE THE SALE OF THE DEBTOR'S INTEREST IN ITS VEHICLE INVENTORY TO GIORDANO AUTO SALES, INC., FREE AND CLEAR OF EXISTING LIENS, CLAIMS AND ENCUMBRANCES WHICH LIENS SHALL ATTACH TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. §363(b) AND (f), FED. R. BANKR. P. 4001(d) AND 6004; (II) PAYMENT OF PROFESSIONAL FEES AND CUSTOMARY COSTS FROM THE SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY; <u>AND (IV) GRANTING OTHER AND RELATED RELIEF</u>**

Andrew R. Vara, the United States Trustee for Region 3 ("U. S. Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to the Debtor's Motion pursuant to section 363(b) and (f) of the Bankruptcy Code, seeking an order authorizing the sale of the Debtor's current vehicle inventory located at 1829 State Highway Route 1, Rahway, NJ, free and clear of liens, claims and encumbrances which liens shall attach to the proceeds of sale (the "Sale Motion"), and respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Disclosure Statement and Plan, and the issues raised in this Objection.

**Background**

*The Bankruptcy Case:*

4. On October 6, 2022, (the "Petition Date"), BAV Auto LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") under case number 22-17933(JKS). *See* ECF No. 1. Pursuant to the Petition, the Debtor chose to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

5. On October 11, 2022, Mark Politan Esq. was appointed to serve as the Subchapter V Trustee (the "Subchapter V Trustee") in this Case. *See* ECF No. 6.

6. Pursuant to the Debtor's Schedule D, total secured claims in this case add up to $2,407,334.31. *See* ECF No. 15, pgs. 30-42 of 52.

*The Sale Motion:*

7. On January 29, 2023, the Debtor filed the Sale Motion. *See* ECF No. 53.

8. By way of the Sale Motion, the Debtor seeks to sell its vehicle inventory, for a proposed purchase price of $125,000.00.

9. The Sale Motion acknowledges that certain of the secured creditors "have recorded blanket lien UCC-1 Financing Statements rather than specific UCC-1 Financing Statements specifying the particular vehicle as collateral." *Sale Motion*, ¶ 16, ECF pg. 9 of 14.

## Objection

10. As a Chapter 11 debtor in possession, the Debtor owes the same fiduciary duty to the creditors of this estate as would a Chapter 11 trustee. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (debtor-in-possession bears "essentially the same fiduciary obligation to creditors and shareholders as would the trustee for a debtor out of possession."); *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 2000) ("When the chapter 11 petition was filed in this case, the debtor-in-possession assumed the same fiduciary duties as would an appointed trustee. . . . [including] the duty to protect and conserve property in its possession for the benefit of creditors.") (internal quotation omitted).

11. As a fiduciary for the estate, the Debtor cannot propose any sale of assets that will only benefit one creditor or administrative expense claimants without providing a concomitant benefit to all creditors of this estate. *See, e.g.*, *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000) ("A paramount duty of a trustee or debtor in possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors."); *In re United Healthcare System, Inc.*, 200 F.3d 170, 177 n.9 (3d Cir. 1999) ("a debtor-in-possession, is a fiduciary for its estate and for its creditors"). *Cf. Oakland Co. Treasurer v. Allard (Matter of*

*Kerton Indus.)*, 151 B.R. 101, 103 (E.D. Mich. 1991) ("Obviously, a sale which pays only expenses incurred as a result of the sale does not benefit the estate whatsoever.").

12. As the "trustee" in a liquidating case, the Debtor's fiduciary duties to creditors may be likened to those of a Chapter 7 trustee. As a result, the Debtor "primarily represents the unsecured creditors, and represents the secured creditors only in [its] capacity as a custodian of the property upon which they have a lien." *See Dana Commercial Credit Corp. v. Nisselson (In re Center Teleproductions, Inc.)*, 112 B.R. 567, 579 n.5 (Bankr. S.D.N.Y. 1990) (quoting *Second Nat'l Bank of Nazareth v. Marcincin (In re Nadler)*, 8 B.R. 330, 331 (Bankr. E.D. Pa. 1980)); *cf. Robinson v. Dickey*, 36 F.2d 147, 149 (3d Cir.), *cert. denied*, 281 U.S. 750 (1930) ("[T]he trustee [is] acting, not on the authority of the lienholders and for their interests, but on the authority of the court and for the interest of the general creditors."). Thus, the Debtor here cannot propose any sale that will only benefit the secured creditors without providing a concomitant benefit to the unsecured creditor body as a whole.

13. The Third Circuit has stated that fully encumbered assets "are unlikely to benefit the estate," and so should generally not be administered by a trustee. *Staiano v. Cain (In re Lan Associates XI, L.P.)*, 192 F.3d 109, 119 (3d Cir. 1999). There is no reason why this proscription should be limited to Chapter 7 cases; Chapter 11 trustees, and by extension debtors in possession, in liquidating cases also should not administer fully encumbered assets, because such assets have no value to the estate.

14. In the instant case, it appears that by operation of blanket liens of secured creditors as outlined above, all of the vehicle inventory in question and/or the proceeds of any sale of such vehicle inventory is encumbered by secured debt that dwarfs the sale price. As a result, the assets in question are valueless to any creditor other than secured creditors. As the

sale will not benefit unsecured creditors or even administrative or priority creditors, it cannot be said to benefit the estate.

## Conclusion

15. As a result, the proposed sale of the Debtor's vehicle inventory, as presented in the Sale Motion, should not be approved.

WHEREFORE, the United States Trustee requests that this Court issue an order denying the Sale Motion, and/or granting such other relief as this Court deems appropriate, fair and just.

                                        Respectfully submitted,

                                        ANDREW R. VARA
                                        UNITED STATES TRUSTEE
                                        REGIONS 3 & 9

                                By:    */s/ Peter J. D'Auria*
                                        Peter J. D'Auria
                                        Trial Attorney

Dated: February 7, 2023