| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**DUANE MORRIS LLP**<br>Drew S. McGehrin (DSMcGehrin@duanemorris.com)<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>215.979.1000 (Telephone)<br>215.979.1020 (Facsimile)<br><br>*Attorneys for Vero Finance Technologies, Inc.* | Chapter 11<br><br>Subchapter V |
| In re:<br><br>BAV AUTO, L.L.C.<br><br>                       Debtor. | Case No. 22-17933 (JKS)<br><br>Honorable John K. Sherwood |

**VERO FINANCE TECHNOLOGIES, INC. d/b/a LEVER AUTO'S RESPONSE TO DEBTOR'S MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS**

Vero Finance Technologies, Inc. d/b/a Lever Auto ("Lever"), by and through its undersigned attorneys Duane Morris LLP, files this response (the "Response") to BAV Auto LLC's (the "Debtor") *Application To Approve The Sale Of The Debtor's Interest In Its Vehicle Inventory To Giordano Auto Sales, Inc., Free And Clear Of Existing Liens, Claims And Encumbrances Which Liens Shall Attach To The Proceeds Of Sale Pursuant To 11 U.S.C. §363(B) And (F), Fed. R. Bankr. P. 4001(D) And 6004; (II) Payment Of Professional Fees And Customary Costs From The Sale Proceeds; (III) Waiving The Fourteen-Day Stay; And (IV) Granting Other And Related Relief* [Docket No. 53] (the "Sale Motion"). Lever respectfully states as follows:

## PRELIMINARY STATEMENT

Lever neither supports nor opposes the Debtor's proposed sale of assets set forth in the Sale Motion.  Lever nevertheless submits this Response for the purposes of confirming its perfected security interest in the Collateral (as defined herein).

## STATEMENT OF FACTS

**A.    The Bankruptcy Case.**

1. On October 6, 2022, the Debtor filed a voluntary petition under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On January 29, 2023, the Debtor filed the Sale Motion seeking approval of the sale of certain inventory in which Lever holds a perfected security interest.

3. In the Sale Motion, the Debtor asserts that "it is unclear the extent and validity of the secured creditors' liens and their perfection status on the vehicles to be sold without further information from the various floorplan lenders [including]. . .Lever Auto Financing.  By way of this motion, proof of their perfected interest in the vehicles to be sold is being requested to determine the extent and validity of their liens on said vehicle inventory and to determine if the secured creditors in interest consent to the sale, object, reject or possibly approve the sale with conditions."  *See* Motion at ¶ 17.

**B.    The Floorplan Agreement.**

4. On April 19, 2022, Lever and the Debtor entered into a certain Floorplan Credit and Security Agreement (the "Floorplan Agreement"), through which Lever extended floorplan financing to the Debtor for the purchase of new and used motor vehicles (together with other credit extended, the "Obligations").

5. As security for the Obligations, the Debtor granted Lever a security interest in, a lien on, and pledge and assignment of substantially all of the Debtor's assets, including the proceeds thereof, and granted Lever a first priority security interest in all of floored vehicles and the proceeds thereof. Specifically, the Floorplan Agreement provides:

> 2.1 <u>Grant of Security Interest</u>. In consideration hereof, Dealer hereby grants to Lender a security interest in, a lien on, and pledge and assignment of all of its now owned and hereafter acquired or created tangible and intangible personal property, to wit:
>
>> All present and future property and rights of Dealer in and to: (a) all inventory, including all new and used motor vehicle, motorcycle, all-terrain vehicle, scooter, power sport vehicle and parts Inventory, and further including without limitation, all inventory on order, but not yet delivered to Dealer, and all consigned goods, and all motor vehicles and other goods held for short or long term rental or lease and for use as so-called demonstrator vehicle and service loaner/shop rental vehicle; (b) all accounts, contract rights, chattel paper, electronic chattel paper, instruments, documents, promissory notes, and supporting obligations; and all rights and benefits under any agreement for an interest rate swap, forward rate, cap, floor, or collar, or the like, to the full extent assignable; (c) all payment intangibles and all rights to receive payment, credits, and other compensation; (d) all general intangibles, books, records, files, computer disks, software, involving or emanating from Dealer's business or assets; (e) all investment property; (f) all payments and credits and accounts that Lender may owe to Dealer, and all funds of Dealer that Lender may have or retain in its possession, whether in the form of cash collateral, reserve, contingency, escrow accounts to the extent of Dealer's interest, deposit accounts, operating accounts, or otherwise; (g) all deposit and other accounts in and with all other banks and depositories; (h) all equipment, including without limitation, all furniture, machinery, tools; (i) all fixtures; and (j) all additions, substitutions, replacements, accessories, attachments and accessions to, and all proceeds of the foregoing and of proceeds, including all motor vehicles, motorcycles and other goods received in trade, claims, and tort recoveries, insurance proceeds, refunds of insurance premiums, proceeds derived from Dealer's sale or assignment of chattel paper, and all cash and other funds held in all deposit accounts in which proceeds may be deposited (all of the foregoing, the "<u>Collateral</u>").

*See* Floorplan Agreement at § 2.1.

6. On July 22, 2022, Lever perfected its security interest in the Collateral by filing a UCC Financing Statement with the State of New Jersey at filing number 56093223, describing the Collateral as "All assets" (the "UCC Financing Statement"). Attached hereto as **Exhibit A** is a true and correct copy of the UCC Financing Statement.

## RESPONSE

7. Lever files this response solely to affirm its perfected security interest in the Collateral.

8. The Debtor granted Lever a security interest in substantially all of its assets by virtue of the granting language in Section 2.1 of the Floorplan Agreement. Section 9-108 of the UCC provides that a collateral description in a security agreement is "sufficient, whether or not it is specific, if it reasonably identifies what is described." N.J.S.A. § 12A:9-108(a). The description of the Collateral in the Floorplan Agreement more than sufficiently identifies the scope of the Collateral to include all assets of the Debtor.

9. Furthermore, Lever properly perfected its security interest in the Collateral when it filed the UCC Financing Statement and described the Collateral as "All assets."

10. Under Section 9-504 of the UCC, a "financing statement sufficiently indicates the collateral that it covers if the financing statement provides: (1) a description of the collateral pursuant to 12A:9-108; or (2) an indication that the financing statement covers all assets or all personal property." N.J.S.A. § 12A:9-504.

11. Therefore, Lever holds a valid and properly perfected security interest in the Collateral.

12. Except as set forth in paragraphs 7-11 above, Lever takes no position on the Sale Motion.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: February 8, 2023 | **DUANE MORRIS LLP** |
|  | */s/ Drew S. McGehrin* |
|  | Drew S. McGehrin, Esq. |
|  | 30 S. 17th Street |
|  | Philadelphia, PA 19103 |
|  | Telephone: (215) 979-1000 |
|  | Facsimile: (215) 979-1020 |
|  | Email: DSMcGehrin@duanemorris.com |
|  | *Attorneys for Vero Finance Technologies, Inc.* |

5