# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11, Subchapter V |
| BAV Auto LLC a/k/a COSTA'S AUTO GALLERY | : | |
| | : | BANKRUPTCY NO. 22-17933(JKS) |
| Debtor | : | |
| | : | |
| | : | Hearing Date February 14, 2023 |
| | : | Judge: Honorable John K. Sherwood |
| | : | |

### OBJECTION OF WESTLAKE FLOORING SERVICES TO APPLICATION TO APPROVE SALE OF DEBTOR'S INTEREST IN ITS MOTOR VEHICLE INVENTORY FREE AND CLEAR OF LIENS

TO THE HONORABLE JOHN K. SHERWOOD
OF THE BANKRUPTCY COURT:

Westlake Flooring Company, LLC d/b/a Westlake Flooring Services ("Westlake"), by and through its counsel, LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO, objects to the Application to Approve Sale of Debtor's Interest in its Motor Vehicle Inventory Free and Clear of Liens and in support therefore states the following:

1. Westlake provided floor-plan financing to BAV Auto LLC for its purchase of vehicles.

2. Westlake holds a claim against BAV Auto LLC in the amount of $149,885.13 on account of said financing, and as against Ms. Antunes as guarantor.

3. Westlake has a duly perfected, first priority security interest (*See* Exhibit A) in 6 of the vehicles proposed to be included in the sale (the "Vehicles"):

.

.

| Year | Make | Model | VIN | Miles | Color | Payoff | MMR |
|---|---|---|---|---|---|---|---|
| 2006 | MERCEDES-BENZ | E CLASS | WDBUF87J16X202762 | 72533 | Black | $4,630.60 | $ 3,525.00 |
| 2011 | Jeep | Wrangler | 1J4AA2D14BL614982 | 128654 | Black | $10,985.23 | $ 9,625.00 |
| 2012 | Dodge | Durango | 1C4RDJDG9CC131133 | 120857 | Gold | $7,481.52 | $ 6,900.00 |
| 2013 | KIA | FORTE | KNAFU4A20D5674452 | 79959 | Grey | $5,003.11 | $ 4,200.00 |
| 2014 | NISSAN | PATHFINDER | 5N1AR2MM9EC718165 | 116651 | Gray | $10,241.48 | $ 8,425.00 |
| 2015 | Volkswagen | Jetta Sedan | 3VWD17AJ1FM427592 | 92759 | White | $8,940.53 | $ 7,000.00 |

4. On or about January 29, 2023, the Debtor filed the Application to Approve Sale of Debtor's Interest in its Motor Vehicle Inventory Free and Clear of Liens (the "Motion").

5. In the Motion, the Debtor seeks an Order permitting the sale of Debtor's motor vehicle inventory in a private sale, free and clear of all liens, claims and encumbrances.

6. Westlake does not consent to the inclusion of its Vehicles in the sale. Westlake does not consent to the payment of closing costs, counsel fees, trustee fees, other customary fees or any other deductions of any sort from its collateral.

7. Debtor claims the sale is necessary for a lump sum cash infusion into the bankruptcy estate to make initial disbursements pursuant to a confirmed plan, and other payments. However, the vehicles subject to the sale are all subject to the liens of debtor's floor plan lenders.

8. Westlake objects to the inclusion of the Vehicles in the sale, as Westlake does not consent to the sale and none of the other conditions set forth in 11 U.S.C. §363 (f) have been met. Non-bankruptcy law would not permit sale of the Vehicles free and clear of Westlake's interest and it could not be compelled to accept a money satisfaction. There is no indication that the proposed sale would be payment in full to Westlake of the obligations due to it.

9. Debtor has not set forth any bona fide dispute as to the lenders' interest in the vehicles.

10. There is no equity in the Vehicles. *See* paragraph 3, *supra*.

11. Westlake intends to file a Motion for Relief from Automatic Stay with respect to the Vehicles.

12. Westlake wishes to remove the Vehicles from the sale and to dispose of them through its normal channels in a commercially reasonable fashion.

WHEREFORE, Westlake Flooring Services prays that the Court sustain its objections, deny the Application to sell assets free and clear of liens, and for such other relief as is just and equitable.

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

DATED: February 8, 2023

/S/ REGINA COHEN
Regina Cohen, Esquire
Attorney for Westlake Flooring Services