**UNITED STATES ATTORNEY'S OFFICE**
Philip R. Sellinger
United States Attorney
Eamonn O'Hagan
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re* <br><br> BAV AUTO L.L.C., <br><br> Debtor. | Chapter 11 <br> (Subchapter V) <br><br> Case No. 22-17933-JKS <br><br> Judge John K. Sherwood <br><br> **Hearing Date: April 18, 2023** <br> **Hearing Time: 10:00 a.m.** |

### OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned small debtor's Joint Plan of Reorganization (the "Plan") [ECF Doc. No. 40]. In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Per the Service's records, BAV Auto L.L.C. (the "Debtor") has failed to file the following federal tax returns: (a) Form 941 for the fourth quarter of 2021; (b) Form 1120 for tax year 2020; and (c) Form 1120 for tax year 2021 for **all quarters** of 2021 (collectively, the "Delinquent Federal Returns"). See Claim No. 4.

2. For the reasons discussed below, the Plan is not presently confirmable.

## OBJECTION

### A. The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns

3. As noted above, the Debtor has not filed the Delinquent Federal Returns. See Claim No. 4.

4. Unless and until those returns are filed, the Plan cannot be confirmed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1184 (requiring small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code); *id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148

(Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

5.   To be clear, before the amount of the Service's claim can even be determined with certainty (or the feasibility of the Plan even assessed), the Debtor must file the Delinquent Federal Returns.  The Service reserves the right to oppose confirmation on additional grounds (including feasibility) once the Delinquent Federal Returns are provided.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: Macrh 28, 2023

PHILIP R. SELLINGER
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the
United States of America*